UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-60138-SINGHAL

UNITED STATES OF AMERICA,)
                         )
          Plaintiff,     )
                         )
     -v-                 )
                         )
TYRELL BRION BOUIE,      )
                         )
          Defendant.     )   Fort Lauderdale, Florida
                         )   March 21, 2024
_____)   10:42 a.m.


TRANSCRIPT OF PLEA PROCEEDINGS

BEFORE THE HONORABLE RAAG SINGHAL

U.S. DISTRICT JUDGE


Appearances:

For the Government:          DERIC ZACCA
                             Assistant United States Attorney
                             99 NE 4th Street
                             Miami, Florida  33132

For the Defendant:          BENJAMIN, AARONSON, EDINGER &
                               PATANZO, PA
                             BY:  PETER PATANZO, ESQ.
                             1700 East Las Olas Boulevard
                             Fort Lauderdale, Florida  33301


Reporter:                   Karl Shires, RMR, FCRR
(954) 769-5496              Official Court Reporter
                            299 East Broward Boulevard, # 203G
                            Fort Lauderdale, Florida  33301

STENOGRAPHICALLY RECORDED COMPUTER-AIDED TRANSCRIPT

(Call to Order of the Court.)

THE COURT:  All right.  Mr. Patanzo, you need a few minutes or you're set?

MR. PATANZO:  No, we're all set.

THE COURT:  Perfect.  Then our next case is United States of America versus Tyrell Brion Bouie.  This one is as well set for a change of plea hearing.

Appearances, first for the government.

MR. ZACCA:  Good morning, Judge.  Deric Zacca on behalf of the United States.

THE COURT:  Nice to see you.

For the defense?

MR. PATANZO:  Good morning, Your Honor.  Peter Patanzo on behalf of Mr. Bouie, who is present to my right.  Also in the courtroom his mother, father, and brother are seated in the back.

THE COURT:  Great.  Nice to see everyone.  And Mr. Patanzo, it has been a long time.  Good to see you again.

MR. PATANZO:  Nice to see you, too.  I think this is the first time I've had a case here in federal court with you.

THE COURT:  Yes.  No, it has been good.  I read about you on some of those big-time state court cases you guys are doing.  Seems like a lot of homicides, you know.

MR. PATANZO:  Some of them you're well familiar with.

THE COURT:  Great to see you.

Mr. Bouie, what we're going to do today is talk about your case a little bit.  I'm not going to go over anything new with you.  It's basically things that you've gone over with your lawyer.  But it's part of my job to kind of ask you if you have any questions and make sure that this is what you want to do.  Okay?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  And I think you heard a little bit, if not all, of that last case.  And so the questions I ask you are going to be almost the same.  All right?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  If you would, as best you can, would you raise your right hand for me.

(The Defendant was duly sworn.)

THE COURT:  Put your hand down and tell me your full name.

THE DEFENDANT:  Tyrone Brion Bouie.

THE COURT:  Now, Mr. Bouie, you're here today because you've been accused by an indictment with five criminal counts. The indictment is against four different people.  And the counts you face are Counts 1, 2, 7, 8, and 9.  I'm told you're going to plead guilty to Counts 1, 7, and 8, and part of the agreement is the government will then seek dismissal of Counts 2 and 9 at the time of sentencing.

Is that what you understand?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  So I'm just going to go through what these counts are to make sure we're on the same page.

Count 1 is conspiracy to commit Hobbs Act robbery. It's contrary to 18 United States Code § 1951(a).  It's punishable by a maximum sentence of 20 years in prison, three years' supervised release, and a $250,000 fine.

Count 7 is robbery, contrary to 18 United States Code § 1951(a).  Same penalties in terms of prison.  It's punishable by up to 20 years in prison.  I think the maximum supervised release -- is it three or five on that?

MR. ZACCA:  For the -- I'm sorry.  For the robbery, Judge?

THE COURT:  Yes.

MR. ZACCA:  It's three years, Judge.

THE COURT:  Okay.  Three years' supervised release, maximum fine of $250,000.

And then Count 8 is a little bit different.  That one is brandishing a firearm in relation to a crime of violence, contrary to 18 United States Code § 924(c)(1)(A).  The penalty on that is a mandatory minimum seven years in prison consecutive to any other sentence you get, which means starts or comes after any other sentence, maximum supervised release of five years, a $250,000 fine.

Do you understand those three charges and the maximum

penalties?

THE DEFENDANT: Yes.

THE COURT: Okay. Now, talk to me a little bit about your background.

How far have you gone in school?

THE DEFENDANT: 11th grade.

THE COURT: Based on your level of education and all of the things that you've done in life, are you perfectly comfortable reading and writing English?

THE DEFENDANT: Yes.

THE COURT: And in this case, some complicated documents that we'll be going over: The indictment, which we talked about a little bit; the plea agreement; stipulated factual basis.

Were you able to read and understand each of those documents?

THE DEFENDANT: Yes, sir?

THE COURT: Mr. Bouie, if you read those documents and you didn't understand something and you had a question about it, did you ask Mr. Patanzo?

THE DEFENDANT: Yes.

THE COURT: And did he answer all of your questions for you?

THE DEFENDANT: Yes.

THE COURT: Okay. In addition to those documents,

there's discovery.  Discovery is maybe any documents or videos or phone calls or things like that that relate to the evidence in the case.

Were you able to also go through those items and understand them with Mr. Patanzo?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Now, in your lifetime have you ever had an issue with alcohol use or drug use that led to you getting treatment?

THE DEFENDANT:  No.

THE COURT:  How old are you now?

THE DEFENDANT:  22.

THE COURT:  And in the last 24 hours, have you used any alcohol, drugs, or prescription medications that would keep you from understanding Mr. Patanzo or me?

THE DEFENDANT:  No.

THE COURT:  Are you under the care of a doctor who's prescribed for you medications that you would take regularly, like daily meds or weekly meds?

THE DEFENDANT:  No.

THE COURT:  Okay.  Have you ever sought treatment from a psychologist or a psychiatrist for any mental health condition whatsoever where that doctor prescribed medications for you?

THE DEFENDANT:  No.

THE COURT:  Mr. Bouie, understanding that you would prefer to be just about anywhere else in the world right now other than here, I just want to know, how are you feeling mentally and physically?

THE DEFENDANT:  I'm feeling good.

THE COURT:  Okay.  If during the course of this hearing, you start not feeling well or you need a break or anything like that, you promise you'll tell me and you'll tell Mr. Patanzo?

THE DEFENDANT:  Yes, sir.

THE COURT:  And similarly, during the course of the hearing if there's something you don't understand, you'll tell us both, right?

THE DEFENDANT:  Yes.

THE COURT:  So I'm going to ask the lawyers a couple of questions and then I will get back to you based on what they tell me.

The first thing -- Mr. Zacca, I know you did this just previously on the other case, but if you could go through the elements on Counts 1, 7, and 8, I would really appreciate it.

MR. ZACCA:  Yes, Judge.  As to Count 1, conspiracy to commit robbery, the elements are as follows:

The defendant conspired with another or agreed with another to knowingly acquire someone else's personal property;

2.  The defendant conspired to take the property

against the will by using actual or threatened force or violence or causing the victim to fear harm, either immediately or in the future; and

3. The defendant's actions would have obstructed, delayed, or affected interstate commerce.

As to Count 7, which charges substantive Hobbs Act robbery, the elements are as follows:

1. The defendant knowingly acquired someone else's personal property;

2. The defendant took the property against the victim's will by using actual or threatened force or violence or causing the victim to fear harm, either immediately or in the future; and

3. The defendant's actions obstructed, delayed, or affected interstate commerce.

With regard to Count 8, charging using or carry or possessing a firearm in furtherance of a violent crime, the elements are as follows:

The defendant committed the violent crime charged in Count 7, which charges Hobbs Act -- substantive Hobbs Act -- Hobbs Act robbery of the indictment;

2. That during and in relation to that violent crime the defendant knowingly used or carried a firearm as charged in the indictment or that the defendant knowingly possessed a firearm in furtherance of that violent crime as charged in the

indictment.

Furthermore, Judge, in this case the firearm was brandished.

THE COURT: Thank you, Mr. Zacca.

Mr. Patanzo, are you in agreement that those are in fact the elements that apply to each of the three counts?

MR. PATANZO: Yes, sir.

THE COURT: And could you describe for me briefly how you and Mr. Bouie got ready for today's hearing?

MR. PATANZO: Certainly. Judge, this has been a long process with Mr. Bouie, going through all the discovery, and we had an opportunity at the beginning of the case and throughout to review the indictment, all the charges, all of the elements, possible defenses, including as to Count 8, the troubling one, the possession of the firearm during the crime of violence. We reviewed all of the discovery. There were several discovery submissions we went through. Talked about possible defenses, witnesses, all of the rights that he would have had he elected to go to trial, including his right to cross-examine all those witnesses and testify himself, if he would like. And yesterday we went over again the most recent updated plea agreement and stipulated factual proffer, and we're prepared to go forward.

I would just ask that similar to what you did with Mr. Diggs, could you discuss with Mr. Bouie the pretrial motion on Count 8? Because that was important to him. And my intent

and what I had hoped to do was to get him in the pipeline on direct appeal, but it seems as though the Court's not going to issue a ruling on that motion.  Maybe I don't understand it.  But my take was what you had done with Mr. Diggs was there would be no ruling or your -- I take it, and we would have to wait for a 2255 proceeding in order to reap any benefits of a change in law.  If you could just go over that with him, we should be all set.

THE COURT:  Sure.  Sure.  So I actually am going to make a ruling on it, but I wanted to wait for today's hearing to basically explain to the defendants that there's no magic to the ruling.  The Eleventh's already spoken.  I've got to follow what the Eleventh is going to do.  And so it will be in the pipeline, so to speak.  I think we just saw last week the US Supreme Court went a different way than the Eleventh on Pulsifer case, as an example.  So it does happen.  It's not often, but in terms of getting him in that pipeline I --

MR. PATANZO:  That's great.  I appreciate the Court then taking the time to issue a ruling.  Thank you.

THE COURT:  Sure.  I mean, it's -- again, I think you know what the ruling's going to be, and it's going to be a few words, not anything artful or anything like that.

Okay.  Mr. Bouie, let's kind of start where we just ended.  So your lawyer's filed a motion that deals with the indictment, and it specifically relates to whether one of the

counts kind of qualifies as a crime of violence or a Hobbs Act crime.  The state of Florida falls under the jurisdiction of the Eleventh Circuit.  The Eleventh Circuit's Florida, Georgia, Alabama.  I've got to follow what the Eleventh Circuit tells me to do.  They've already spoken on this issue.  So I'm going to follow what they have said to do, which ends up being a ruling against you.  But Mr. Patanzo's hope is that the US Supreme Court is going to take that issue up and say the Eleventh Circuit was wrong.

THE COURT:  Do you understand all of that?

THE DEFENDANT:  Yes.

THE COURT:  And you still want to go forward knowing that that issue is pending?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  You heard what Mr. Patanzo said in terms of how you and he got ready for today.  Are you in agreement with that?

THE DEFENDANT:  Yes.

THE COURT:  You're young.  You're only 22 years old. Did you discuss the case with both Mr. Patanzo and with your family, who's here as well?

THE DEFENDANT:  Yes.

THE COURT:  And based on those discussions, did you decide that it was best for you to resolve the case in the way in which you're telling me you want to resolve it here today?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Bouie, I need to go through with you what your trial rights are because by pleading guilty you're telling me you don't want to have a jury trial.

THE DEFENDANT:  Yes.

THE COURT:  Now, do you understand that if you wanted, you could say, Judge, I want to have a jury trial on these five counts, I'm not guilty, I want the jury to hear the case?  And if you decided that, we would come in, we would be seated where we were, and we would select a jury of 12 people to hear your case.

THE DEFENDANT:  Yes.

THE COURT:  Do you understand at any trial like that it would be the government's burden to prove the charges against you beyond a reasonable doubt, and you would be presumed innocent, you wouldn't have to do anything because if they couldn't meet their burned, then you wouldn't be convicted.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  The way a trial would work is like this.  We would select the jury.  They would be seated here to my right.  And then the government would begin the process of trying to prove the case.  And the way they would do that is they would call witnesses.  The witnesses would come in.  They

would take an oath just like you did.  And after they took that oath, Mr. Zacca would ask them questions.  And we call that direct examination.  But you wouldn't have to live with their answers if you didn't agree with them.  You, through Mr. Patanzo, could attack their testimony.  And that's through his cross-examination.  But by pleading guilty you give up that right to confront your accusers.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Now, Mr. Bouie, remember, you don't have to do anything because you're presumed innocent.  But at trial, if you wanted, beyond any cross-examination, you could present a defense.  And you could do that a few different ways.

First, you and Mr. Patanzo could bring witnesses in, and they would be defense witnesses.  And then he would do the direct examination, and Mr. Zacca would do the cross-examination.

Second, you could testify, which means you will sit in this chair, just like anyone else, you would answer questions and speak with the jury that way.  And whatever you said would be subject to the same rules and regulations as any other witness.

But third, you have a very important right.  And that is the right to remain silent.  Unlike any other witness, you can choose not to say anything.  You can never be compelled to

give evidence against yourself.

And so if you chose not to testify, I would tell the jury that that's your right and they cannot hold it against you.  And what that means is they can't go back in the jury room to deliberate and say, you know, we like Mr. Bouie, but he's hiding something because he didn't talk to us.  Well, they would know that's a right that you have, that any accused has, and that it can't be held against you.  But by pleading guilty you give up those defense rights also.

Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  Any questions so far?

THE DEFENDANT:  No.

THE COURT:  All right.  Now, Mr. Bouie, by pleading guilty you become a convicted felon and as a convicted felon you lose certain rights and privileges, some that I need to highlight for you.

Do you understand you'll no longer be allowed to possess a firearm or other dangerous weapon?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand you would no longer be allowed to vote, to hold public office, or to sit and serve on a jury?

THE DEFENDANT:  Yes.

THE COURT:  Now, you've gone through and completed a

plea agreement with Mr. Patanzo.  And in that plea agreement paragraph 10 talks about immigration consequences.

Do you understand that if you're not a United States citizen, pleading guilty to a felony like this will cause you to be deported, removed from the country, kept from coming back into the country, kept from ever becoming a United States citizen?  If any of these things are to happen, you cannot come back to me and say, Judge, I want to go to trial now, I want to take my plea back.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now, Mr. Bouie, this plea agreement is ten pages in length.  On the last page it's got three signatures. In blue ink there's two signatures with yesterday's date, and black ink there's a signature with today's dates.

That bottom signature on top of the name Tyrell Brion Bouie, is that yours?

THE DEFENDANT:  Yes.

THE COURT:  By signing that document are you telling me that this is the entire agreement and understanding that you and Mr. Patanzo arrived at with the government?

THE DEFENDANT:  Yes.

THE COURT:  And that there are no other agreements, promises, representations or understandings?

THE DEFENDANT:  Yes.

THE COURT:  Everything's contained in here?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Bouie, this document speaks a lot to sentencing.  The main thing you have to understand is that in federal court in particular sentencing is completely up to the judge.

So has anyone in the world promised you the exact sentence you will get in this case?

THE DEFENDANT:  No, sir.

THE COURT:  Is anyone out there, anyone at all, forcing you, threatening you, coercing you to make you plead guilty here today?

THE DEFENDANT:  No, sir.

THE COURT:  You've thought about it and you've come up with this decision on your own?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  As you go through this plea agreement, there are a number of things in paragraph 7 that say that the government and the defendant will jointly recommend that the Court make the following findings as to the guideline calculation.

I often go with the recommendations, but I just want you to focus on that word "recommend."  It still means it's up to me.

Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  Okay.  Now, going through this document, there is a section that deals with forfeiture.  Forfeiture is a concept that basically means the government can keep anything that was used to facilitate the commission of a crime or anything that was gained through the commission of a crime.

So, for example, if people got money out of a crime or if they used a gun in a crime or if they used or got a computer because of a crime, the government can keep all of those things.  That's just an example.

Do you understand all of that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Any questions about forfeiture?

THE DEFENDANT:  No, sir.

THE COURT:  Do you understand that as part of this guilty plea you're also agreeing to the forfeiture?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Bouie, I also have to order restitution in every criminal case.  I may order it and set the amount at zero, but I have to order it in every case.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  In addition to the penalties we spoke about, there's a $100 special assessment that applies on each case.  So you'll be assessed $300 at the time of sentencing.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  All right.  Then Mr. Bouie, paragraph 15 of your plea agreement, this is the exceptionally long paragraph, it's what's called an appellate waiver.  It basically says that as part of this agreement you are giving up your right to appeal anything in this case with regard to the sentence that you received.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Now, there are some ways in which you can still take an appeal.  First is if the government takes an appeal, you can.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  Second is if you receive a sentence that's the product of an upward departure or an upward variance.

Do you understand that?

THE DEFENDANT:  Yes, sir.

THE COURT:  And third, if you get a sentence that's upwards or outside the statutory maximum, you can appeal that.

Other than those three lines, you cannot take an appeal.

Do you understand?

THE DEFENDANT:  Yes, sir.

THE COURT:  Any questions about what's happening?

THE DEFENDANT:  No, sir.

THE COURT:  Last document is the "Stipulated Factual Basis."  This one is three pages in length.  Three signatures on the third page.  Bottom one with yesterday's date in blue ink on the name Tyrell Brion Bouie.

Did you sign that?

THE DEFENDANT:  Yes, sir.

THE COURT:  By signing it are you acknowledging that the facts in this three-page document are the core facts that would come out at trial?

THE DEFENDANT:  Yes, sir.

THE COURT:  Anything at all that you want me to change in this document either by crossing it out or adding it in?

THE DEFENDANT:  No, sir.

THE COURT:  Okay.  Mr. Zacca, if this case were to go to trial, would you be able to prove beyond a reasonable doubt each of the facts in the stipulated factual basis?

MR. ZACCA:  Yes, Judge.

THE COURT:  And Mr. Patanzo, if Mr. Zacca could do that, could a jury lawfully convict your client of Counts 1, 7, and 8?

MR. PATANZO:  Yes, sir.

THE COURT:  Okay.  Mr. Bouie, do you need anymore time to discuss what's happening here today with your lawyer?

THE DEFENDANT:  No, sir.

THE COURT:  Do you need anymore time to speak with your family about it?

THE DEFENDANT:  No, sir.

THE COURT:  Do you have any questions for me?

THE DEFENDANT:  No, sir.

THE COURT:  Mr. Zacca, any further inquiry on this case?

MR. ZACCA:  Judge, forgive me if I missed -- I didn't hear it, but did you go over the immigration consequences?

THE COURT:  I did.

MR. ZACCA:  Very well.

THE COURT:  Paragraph 10.

MR. ZACCA:  Very well, Judge.  That's it.

THE COURT:  Okay.  How about you, Mr. Patanzo, anything else?

MR. PATANZO:  The only thing is in the appellate waiver.

THE COURT:  Sure.

MR. PATANZO:  On page 9 we did agree to some language with the exception of the claim the Hobbs Act robbery and the subject motion to dismiss.  If he takes a direct appeal on that, the government's not going to stand in the way.  We would just take our chances with the Eleventh Circuit at that point.

THE COURT:  Understood.  So let me clarify that a

little bit.  It's a good point.

Mr. Bouie, the appellate waiver relates to any other issues other than that one motion that we discussed.  I kind of qualified it in terms sentencing more than anything else.  But the language of this document, it says with the exception the claim that a Hobbs Act robbery is not a qualifying crime of violence for purposes of Title 18 United States Code § 924(c), and then it goes on a little bit more.

Other than that issue, you understand you're waiving your right to appeal?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Patanzo, I appreciate your bringing that up in case it wasn't clear.  Hopefully it's clear now.

MR. PATANZO:  It is clear, very clear now.  Thank you.

THE COURT:  Any other inquiry you think I should make?

MR. PATANZO:  No.

THE COURT:  Okay.  Then Mr. Bouie, you face these three counts.

On Count 1, conspiracy to commit Hobbs Act robbery, contrary to 18 United States Code § 1951(a), how would you like to plead today?

THE DEFENDANT:  Guilty.

THE COURT:  On Count 7, robbery, contrary to 18 United States Code § 1951(a), how would you like to plead today?

THE DEFENDANT:  Guilty.

THE COURT:  And on Count 8, brandishing a firearm in relation to a crime of violence, contrary to 18 United States Code § 924(c)(1)(A), how would you like to plead today?

THE DEFENDANT:  Guilty.

THE COURT:  Sir, are you pleading guilty to those three counts because you are in fact guilty of them?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I do find Mr. Tyrell Brion Bouie to appear in court today to be very polite, alert, and intelligent.  I find that he has been very well represented by an excellent criminal defense lawyer who is well-known to the Court and who has done a really nice job for his client.

I find that the plea is being entered into and the appellate waiver is being entered into freely, voluntarily, knowingly and intelligently, that the guilty plea is predicated upon sufficient facts as outlined in the stipulated factual basis predicated upon the excellent advice of very competent counsel.

What we'll do on this case is set sentencing over to June 11th, 2024, at 10:00 a.m.

And what's going to happen, Mr. Bouie, is between today's date and that date there will be a presentence investigation report prepared on you by the US Probation office.  Mr. Patanzo will help you with that.  It's a very

important document.  It gives us a lot of background information on you.  And that will allow your lawyer and the lawyer for the government to come in and talk about what's a fair and appropriate sentence in the case.  Okay?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Mr. Zacca, anything else?

MR. ZACCA:  Nothing from the government, Judge.  Thank you.

THE COURT:  How about you, Mr. Patanzo?

MR. PATANZO:  No, thank you.  All set.

THE COURT:  Great.  Great to see you.  Thanks so much.

I'll see you back the middle of June, Mr. Bouie.

(Proceedings concluded at 11:07 a.m.)

C E R T I F I C A T E

I, Karl Shires, Registered Merit Reporter and Federal Certified Realtime Reporter, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated this 28th day of August, 2024.

_____
Karl Shires, RMR FCRR

**MR. PATANZO: [13]** 2/4 2/13 2/19 2/24 9/7 9/10 10/18 19/23 20/17 20/20 21/15 21/17 23/10
**MR. ZACCA: [9]** 2/9 4/12 4/15 7/21 19/19 20/9 20/12 20/14 23/7
**THE COURT: [87]**
**THE DEFENDANT: [63]**

**$**

**$100 [1]** 17/24
**$250,000 [3]** 4/7 4/17 4/24
**$300 [1]** 17/25

**-**

**-v [1]** 1/6

**1**

**10 [2]** 15/2 20/13
**10:00 a.m [1]** 22/21
**10:42 [1]** 1/9
**11:07 [1]** 23/13
**11th [2]** 5/6 22/21
**12 [1]** 12/10
**15 [1]** 18/3
**1700 [1]** 1/21
**18 [7]** 4/5 4/8 4/20 21/7 21/21 21/24 22/3
**1951 [4]** 4/5 4/9 21/21 21/25

**2**

**20 [2]** 4/6 4/10
**2024 [3]** 1/8 22/21 23/21
**203G [1]** 1/24
**21 [1]** 1/8
**22 [2]** 6/12 11/19
**2255 [1]** 10/6
**23-CR-60138-SINGH AL [1]** 1/2
**24 [1]** 6/13
**28th [1]** 23/21
**299 [1]** 1/24

**3**

**33132 [1]** 1/19
**33301 [2]** 1/22 1/25

**4**

**4th [1]** 1/18

**5**

**5496 [1]** 1/24

**7**

**769-5496 [1]** 1/24

**9**

**924 [3]** 4/20 21/7 22/4
**954 [1]** 1/24
**99 [1]** 1/18

**A**

**a.m [3]** 1/9 22/21 23/13
**AARONSON [1]** 1/20
**able [3]** 5/15 6/4 19/17
**above-entitled [1]** 23/20
**accused [2]** 3/19 14/7
**accusers [1]** 13/7
**acknowledging [1]** 19/9
**acquire [1]** 7/24
**acquired [1]** 8/8
**Act [9]** 4/4 8/6 8/20 8/20 8/21 11/1 20/21 21/6 21/20
**actions [2]** 8/4 8/14
**actual [2]** 8/1 8/11
**adding [1]** 19/14
**addition [2]** 5/25 17/23
**advice [1]** 22/18
**agree [2]** 13/4 20/20
**agreed [1]** 7/23
**agreeing [1]** 17/16
**agreement [12]** 3/23 5/13 9/5 9/21 11/17 15/1 15/1 15/12 15/20 16/18 18/4 18/6
**agreements [1]** 15/23
**Alabama [1]** 11/4
**alcohol [2]** 6/8 6/14
**alert [1]** 22/10
**allow [1]** 23/2
**allowed [2]** 14/18 14/22
**AMERICA [2]** 1/4 2/6
**amount [1]** 17/20
**answer [2]** 5/22 13/19
**answers [1]** 13/4
**anymore [2]** 19/24 20/2
**appeal [8]** 10/2 18/7 18/12 18/13 18/21 18/23 20/22 21/10
**appear [1]** 22/10
**Appearances [2]** 1/16 2/8
**appellate [4]** 18/5 20/17 21/2 22/15
**applies [1]** 17/24
**apply [1]** 9/6
**appreciate [3]** 7/20

**appropriate [1]** 23/4
**arrived [1]** 15/21
**artful [1]** 10/22
**assessed [1]** 17/25
**assessment [1]** 17/24
**Assistant [1]** 1/18
**attack [1]** 13/5
**Attorney [1]** 1/18
**August [1]** 23/21

**B**

**back [7]** 2/16 7/16 14/4 15/5 15/8 15/9 23/12
**background [2]** 5/4 23/1
**based [3]** 5/7 7/16 11/23
**basically [4]** 3/3 10/11 17/4 18/6
**basis [4]** 5/14 19/4 19/18 22/18
**becoming [1]** 15/6
**beginning [1]** 9/12
**behalf [2]** 2/10 2/14
**benefits [1]** 10/6
**BENJAMIN [1]** 1/20
**best [2]** 3/12 11/24
**beyond [3]** 12/15 13/12 19/17
**big [1]** 2/22
**big-time [1]** 2/22
**bit [7]** 3/2 3/9 4/18 5/3 5/13 21/1 21/8
**black [1]** 15/15
**blue [2]** 15/14 19/5
**bottom [2]** 15/16 19/5
**BOUIE [28]**
**Boulevard [2]** 1/21 1/24
**brandished [1]** 9/3
**brandishing [2]** 4/19 22/2
**break [1]** 7/7
**briefly [1]** 9/8
**bring [1]** 13/14
**bringing [1]** 21/13
**BRION [6]** 1/7 2/6 3/17 15/16 19/6 22/9
**brother [1]** 2/15
**Broward [1]** 1/24
**burden [1]** 12/14
**burned [1]** 12/17

**C**

**calculation [1]** 16/21
**call [3]** 2/1 12/25 13/2
**called [1]** 18/5
**calls [1]** 6/2
**care [1]** 6/17

**carry [1]** 8/16
**case [26]**
**cases [1]** 2/22
**cause [1]** 15/4
**causing [2]** 8/2 8/12
**certain [1]** 14/16
**Certainly [1]** 9/10
**Certified [1]** 23/18
**certify [1]** 23/18
**chair [1]** 13/19
**chances [1]** 20/24
**change [3]** 2/7 10/7 19/13
**charged [3]** 8/19 8/23 8/25
**charges [5]** 4/25 8/6 8/20 9/13 12/14
**charging [1]** 8/16
**choose [1]** 13/25
**chose [1]** 14/2
**Circuit [4]** 11/3 11/4 11/9 20/24
**Circuit's [1]** 11/3
**citizen [2]** 15/4 15/7
**claim [2]** 20/21 21/6
**clarify [1]** 20/25
**clear [4]** 21/13 21/13 21/15 21/15
**client [2]** 19/21 22/13
**Code [7]** 4/5 4/8 4/20 21/7 21/21 21/25 22/4
**coercing [1]** 16/11
**come [6]** 12/9 12/25 15/7 16/14 19/11 23/3
**comes [1]** 4/23
**comfortable [1]** 5/9
**coming [1]** 15/5
**commerce [2]** 8/5 8/15
**commission [2]** 17/5 17/6
**commit [3]** 4/4 7/22 21/20
**committed [1]** 8/19
**compelled [1]** 13/25
**competent [1]** 22/18
**completed [1]** 14/25
**completely [1]** 16/5
**complicated [1]** 5/11
**computer [1]** 17/8
**concept [1]** 17/4
**concluded [1]** 23/13
**condition [1]** 6/23
**confront [1]** 13/7
**consecutive [1]** 4/22
**consequences [2]** 15/2 20/10
**conspiracy [3]** 4/4 7/21 21/20
**conspired [2]** 7/23 7/25
**contained [1]** 16/1
**contrary [6]** 4/5 4/8

**convict [1]** 19/21
**convicted [3]** 12/18 14/15 14/15
**core [1]** 19/10
**correct [1]** 23/19
**counsel [1]** 22/19
**Count [12]** 4/4 4/8 4/18 7/21 8/6 8/16 8/20 9/14 9/25 21/20 21/24 22/2
**Count 7 [4]** 4/8 8/6 8/20 21/24
**Count 8 [5]** 4/18 8/16 9/14 9/25 22/2
**country [2]** 15/5 15/6
**counts [13]** 3/19 3/21 3/21 3/22 3/24 4/3 7/20 9/6 11/1 12/8 19/21 21/19 22/7
**Counts 2 [1]** 3/24
**couple [1]** 7/15
**course [2]** 7/6 7/11
**court [12]** 1/1 1/24 2/1 2/20 2/22 10/15 10/18 11/8 16/5 16/20 22/10 22/13
**Court's [1]** 10/2
**courtroom [1]** 2/15
**CR [1]** 1/2
**crime [15]** 4/19 8/17 8/19 8/22 8/25 9/15 11/1 11/2 17/5 17/6 17/7 17/8 17/9 21/6 22/3
**criminal [3]** 3/19 17/19 22/12
**cross [4]** 9/19 13/6 13/12 13/17
**cross-examination [3]** 13/6 13/12 13/17
**cross-examine [1]** 9/19
**crossing [1]** 19/14

**D**

**daily [1]** 6/19
**dangerous [1]** 14/19
**date [4]** 15/14 19/5 22/23 22/23
**Dated [1]** 23/21
**dates [1]** 15/15
**day [1]** 23/21
**deals [2]** 10/24 17/3
**decide [1]** 11/24
**decided [1]** 12/9
**decision [1]** 16/15
**defendant [11]** 1/8 1/20 3/14 7/23 7/25 8/8 8/10 8/19 8/23 8/24 16/19
**defendant's [2]** 8/4 8/14
**defendants [1]** 10/11

**D**

defense [5] 2/12 13/13 13/15 14/9 22/12
defenses [2] 9/14 9/17
delayed [2] 8/5 8/14
deliberate [1] 14/5
departure [1] 18/17
deported [1] 15/5
DERIC [2] 1/17 2/9
describe [1] 9/8
didn't [4] 5/19 13/4 14/6 20/9
different [4] 3/20 4/18 10/15 13/13
Diggs [2] 9/24 10/4
direct [4] 10/2 13/3 13/16 20/22
discovery [5] 6/1 6/1 9/11 9/16 9/16
discuss [3] 9/24 11/20 19/25
discussed [1] 21/3
discussions [1] 11/23
dismiss [1] 20/22
dismissal [1] 3/23
DISTRICT [3] 1/1 1/1 1/14
doctor [2] 6/17 6/23
document [8] 15/19 16/3 17/2 19/3 19/10 19/14 21/5 23/1
documents [5] 5/12 5/16 5/18 5/25 6/1
doing [1] 2/23
doubt [2] 12/15 19/17
drug [1] 6/8
drugs [1] 6/14
duly [1] 3/14

**E**

East [2] 1/21 1/24
EDINGER [1] 1/20
education [1] 5/7
either [3] 8/2 8/12 19/14
elected [1] 9/18
elements [6] 7/20 7/22 8/7 8/18 9/6 9/13
Eleventh [7] 10/13 10/15 11/3 11/3 11/4 11/8 20/24
Eleventh's [1] 10/12
else's [2] 7/24 8/8
ended [1] 10/24
ends [1] 11/6
English [1] 5/9
entered [2] 22/14 22/15
entire [1] 15/20
entitled [1] 23/20

**ESQ [1]** 1/23
Everything's [1] 16/1
evidence [2] 6/2 14/1
exact [1] 16/7
examination [5] 13/3 13/6 13/12 13/16 13/17
examine [1] 9/19
example [3] 10/16 17/7 17/10
excellent [2] 22/12 22/18
exception [2] 20/21 21/5
exceptionally [1] 18/4
explain [1] 10/11

**F**

face [2] 3/21 21/18
facilitate [1] 17/5
fact [2] 9/6 22/7
facts [4] 19/10 19/10 19/18 22/17
factual [5] 5/14 9/22 19/3 19/18 22/17
fair [1] 23/4
falls [1] 11/2
familiar [1] 2/24
family [2] 11/21 20/3
far [2] 5/5 14/12
father [1] 2/15
FCRR [2] 1/23 23/24
fear [2] 8/2 8/12
federal [3] 2/20 16/5 23/17
feeling [3] 7/3 7/5 7/7
felon [2] 14/15 14/15
felony [1] 15/4
filed [1] 10/24
find [3] 22/9 22/11 22/14
findings [1] 16/20
fine [3] 4/7 4/17 4/24
firearm [8] 4/19 8/17 8/23 8/25 9/2 9/15 14/19 22/2
first [5] 2/8 2/20 7/18 13/14 18/12
five [4] 3/19 4/11 4/24 12/7
FLORIDA [7] 1/1 1/8 1/19 1/22 1/25 11/2 11/3
focus [1] 16/23
follow [3] 10/12 11/4 11/6
following [1] 16/20
follows [3] 7/22 8/7 8/18
force [2] 8/1 8/11
forcing [1] 16/11
foregoing [1] 23/18
forfeiture [4] 17/3

forgive [1] 20/9
Fort [3] 1/8 1/22 1/25
forward [2] 9/22 11/12
four [1] 3/20
freely [1] 22/15
full [1] 3/15
further [1] 20/7
furtherance [2] 8/17 8/25
Furthermore [1] 9/2
future [2] 8/3 8/13

**G**

gained [1] 17/6
Georgia [1] 11/3
getting [2] 6/9 10/17
give [3] 13/6 14/1 14/9
gives [1] 23/1
giving [1] 18/6
go [15] 3/2 4/2 6/4 7/19 9/19 9/22 10/7 11/12 12/2 14/4 15/8 16/17 16/22 19/16 20/10
goes [1] 21/8
going [18] 3/1 3/2 3/10 3/22 4/2 5/12 7/15 9/11 10/2 10/9 10/13 10/21 10/21 11/5 11/8 17/2 20/23 22/22
good [6] 2/9 2/13 2/18 2/21 7/5 21/1
government [11] 1/17 2/8 3/23 12/23 15/21 16/19 17/4 17/9 18/12 23/3 23/7
government's [2] 12/14 20/23
grade [1] 5/6
great [5] 2/17 2/25 10/18 23/11 23/11
guideline [1] 16/20
guilty [15] 3/22 12/3 12/8 13/6 14/8 14/15 15/4 16/12 17/16 21/23 22/1 22/5 22/6 22/7 22/16
gun [1] 17/8
guys [1] 2/22

**H**

hand [2] 3/13 3/15
happen [3] 10/16 15/7 22/22
happening [2] 19/1 19/25
harm [2] 8/2 8/12
health [1] 6/22
hear [3] 12/8 12/10 20/10

heard [2] 3/8 20/15
hearing [5] 2/7 7/7 7/12 9/9 10/10
held [1] 14/8
help [1] 22/25
hiding [1] 14/6
highlight [1] 14/17
Hobbs [9] 4/4 8/6 8/20 8/20 8/21 11/1 20/21 21/6 21/20
hold [2] 14/3 14/22
homicides [1] 2/23
Honor [1] 2/13
HONORABLE [1] 1/13
hope [1] 11/7
hoped [1] 10/1
Hopefully [1] 21/13
hours [1] 6/13

**I**

I'll [1] 23/12
I'm [8] 3/2 3/21 4/2 4/12 7/5 7/15 11/5 12/8
I've [3] 2/20 10/12 11/4
immediately [2] 8/2 8/12
immigration [2] 15/2 20/10
important [3] 9/25 13/23 23/1
including [2] 9/14 9/19
indictment [8] 3/19 3/20 5/12 8/21 8/24 9/1 9/13 10/25
information [1] 23/2
ink [3] 15/14 15/15 19/6
innocent [2] 12/16 13/11
inquiry [2] 20/7 21/16
intelligent [1] 22/11
intelligently [1] 22/16
intent [1] 9/25
interstate [2] 8/5 8/15
investigation [1] 22/24
issue [7] 6/8 10/3 10/19 11/5 11/8 11/13 21/9
issues [1] 21/3
it's [15] 3/3 3/4 4/5 4/5 4/9 4/15 10/16 10/20 10/21 15/13 16/23 18/5 21/1 21/13 22/25
items [1] 6/4

**J**

job [2] 3/4 22/13

judge [14] 1/14 2/9 4/13 4/15 7/21 9/2 9/10 12/7 15/8 16/6 19/19 20/9 20/14 23/7
June [2] 22/21 23/12
June 11th [1] 22/21
jurisdiction [1] 11/2
jury [10] 12/4 12/7 12/8 12/10 12/22 13/20 14/3 14/4 14/23 19/21

**K**

keep [3] 6/14 17/4 17/9
kept [2] 15/5 15/6
kind [4] 3/4 10/23 11/1 21/3
know [6] 2/23 7/3 7/18 10/21 14/5 14/7
knowing [1] 11/12
knowingly [5] 7/24 8/8 8/23 8/24 22/16
known [1] 22/12

**L**

language [2] 20/20 21/5
Las [1] 1/21
Lauderdale [3] 1/8 1/22 1/25
law [1] 10/7
lawfully [1] 19/21
lawyer [5] 3/4 19/25 22/12 23/2 23/3
lawyer's [1] 10/24
lawyers [1] 7/15
led [1] 6/8
length [2] 15/13 19/4
level [1] 5/7
life [1] 5/8
lifetime [1] 6/7
lines [1] 18/22
little [7] 3/2 3/8 4/18 5/3 5/13 21/1 21/8
live [1] 13/3
long [3] 2/18 9/10 18/4
longer [2] 14/18 14/21
lose [1] 14/16
lot [3] 2/23 16/4 23/1

**M**

magic [1] 10/11
main [1] 16/4
mandatory [1] 4/21
March [1] 1/8
matter [1] 23/20
maximum [6] 4/6 4/10 4/17 4/23 4/25 18/21
mean [1] 10/20

**M**

**means [5]** 4/22 13/18 14/4 16/23 17/4
**medications [3]** 6/14 6/18 6/23
**meds [2]** 6/19 6/19
**meet [1]** 12/17
**mental [1]** 6/22
**mentally [1]** 7/4
**Merit [1]** 23/17
**Miami [1]** 1/19
**middle [1]** 23/12
**minimum [1]** 4/21
**minutes [1]** 2/3
**missed [1]** 20/9
**money [1]** 17/7
**morning [2]** 2/9 2/13
**mother [1]** 2/15
**motion [5]** 9/24 10/3 10/24 20/22 21/3
**Mr [1]** 9/4
**Mr. [51]**
**Mr. Bouie [22]** 2/14 3/1 3/18 5/18 7/1 9/9 9/11 9/24 10/23 12/2 13/10 14/5 14/14 15/12 16/3 17/18 18/3 19/24 21/2 21/18 22/22 23/12
**Mr. Diggs [2]** 9/24 10/4
**Mr. Patanzo [18]** 2/2 2/18 5/20 6/5 6/15 7/9 9/5 11/15 11/20 13/5 13/14 15/1 15/21 19/20 20/15 21/12 22/25 23/9
**Mr. Patanzo's [1]** 11/7
**Mr. Tyrell [1]** 22/9
**Mr. Zacca [7]** 7/18 13/2 13/16 19/16 19/20 20/7 23/6

**N**

**name [3]** 3/16 15/16 19/6
**NE [1]** 1/18
**need [6]** 2/2 7/7 12/2 14/16 19/24 20/2
**never [1]** 13/25
**new [1]** 3/2
**nice [4]** 2/11 2/17 2/19 22/13
**number [1]** 16/18

**O**

**oath [2]** 13/1 13/2
**obstructed [2]** 8/4 8/14
**office [2]** 14/22 22/25
**Official [1]** 1/24
**Okay [21]** 3/6 3/12

4/2 4/18 5/6 5/25 6/7 6/21 7/6 10/23 11/15 12/2 16/3 17/2 17/18 19/16 19/24 20/15 21/12 21/18 23/4
**Olas [1]** 1/21
**old [2]** 6/11 11/19
**opportunity [1]** 9/12
**order [5]** 2/1 10/6 17/18 17/19 17/20
**outlined [1]** 22/17
**outside [1]** 18/21

**P**

**PA [1]** 1/20
**page [5]** 4/3 15/13 19/5 19/10 20/20
**pages [2]** 15/13 19/4
**paragraph [5]** 15/2 16/18 18/3 18/5 20/13
**part [4]** 3/4 3/22 17/15 18/6
**particular [1]** 16/5
**PATANZO [21]** 1/20 1/21 2/2 2/13 2/18 5/20 6/5 6/15 7/9 9/5 11/15 11/20 13/5 13/14 15/1 15/21 19/20 20/15 21/12 22/25 23/9
**Patanzo's [1]** 11/7
**penalties [3]** 4/9 5/1 17/23
**penalty [1]** 4/20
**pending [1]** 11/13
**people [3]** 3/20 12/10 17/7
**Perfect [1]** 2/5
**perfectly [1]** 5/8
**personal [2]** 7/24 8/9
**PETER [2]** 1/21 2/13
**phone [1]** 6/2
**physically [1]** 7/4
**pipeline [3]** 10/1 10/14 10/17
**Plaintiff [1]** 1/5
**plea [13]** 1/12 2/7 5/13 9/21 15/1 15/1 15/9 15/12 16/17 17/16 18/4 22/14 22/16
**plead [5]** 3/22 16/11 21/22 21/25 22/4
**pleading [6]** 12/3 13/6 14/8 14/14 15/4 22/6
**point [2]** 20/24 21/1
**polite [1]** 22/10
**possess [1]** 14/19
**possessed [1]** 8/24
**possessing [1]** 8/17
**possession [1]** 9/15
**possible [2]** 9/14 9/17

predicated [2] 12/16 22/18
**prefer [1]** 7/2
**prepared [2]** 9/22 22/24
**prescribed [2]** 6/18 6/23
**prescription [1]** 6/14
**present [2]** 2/14 13/12
**presentence [1]** 22/23
**presumed [2]** 12/16 13/11
**pretrial [1]** 9/24
**previously [1]** 7/19
**prison [4]** 4/6 4/9 4/10 4/21
**privileges [1]** 14/16
**Probation [1]** 22/24
**proceeding [1]** 10/6
**proceedings [3]** 1/12 23/13 23/19
**process [2]** 9/11 12/23
**product [1]** 18/17
**proffer [1]** 9/22
**promise [1]** 7/8
**promised [1]** 16/7
**promises [1]** 15/24
**property [4]** 7/24 7/25 8/9 8/10
**prove [3]** 12/14 12/24 19/17
**psychiatrist [1]** 6/22
**psychologist [1]** 6/22
**public [1]** 14/22
**Pulsifer [1]** 10/16
**punishable [2]** 4/6 4/9
**purposes [1]** 21/7
**Put [1]** 3/15

**Q**

**qualified [1]** 21/4
**qualifies [1]** 11/1
**qualifying [1]** 21/6
**question [1]** 5/19
**questions [10]** 3/5 3/9 5/22 7/16 13/2 13/19 14/12 17/13 19/1 20/5

**R**

**RAAG [1]** 1/13
**raise [1]** 3/13
**read [3]** 2/21 5/15 5/18
**reading [1]** 5/9
**ready [2]** 9/9 11/16
**really [2]** 7/20 22/13
**Realtime [1]** 23/18
**reap [1]** 10/6

reasonable [2] 12/15 19/17
**receive [1]** 18/16
**received [1]** 18/8
**recommend [2]** 16/19 16/23
**recommendations [1]** 16/22
**record [1]** 23/19
**regard [2]** 8/16 18/7
**Registered [1]** 23/17
**regularly [1]** 6/18
**regulations [1]** 13/21
**relate [1]** 6/2
**relates [2]** 10/25 21/2
**relation [3]** 4/19 8/22 22/3
**release [4]** 4/7 4/11 4/16 4/23
**remain [1]** 13/24
**remember [1]** 13/10
**removed [1]** 15/5
**report [1]** 22/24
**Reporter [4]** 1/23 1/24 23/17 23/18
**representations [1]** 15/24
**represented [1]** 22/11
**resolve [2]** 11/24 11/25
**restitution [1]** 17/19
**review [1]** 9/13
**reviewed [1]** 9/16
**right [21]** 2/2 2/14 3/8 3/10 3/13 7/2 7/13 9/19 12/23 13/7 13/23 13/24 14/3 14/7 14/14 16/17 18/3 18/7 21/10 22/9 23/6
**rights [4]** 9/18 12/3 14/9 14/16
**RMR [2]** 1/23 23/24
**robbery [10]** 4/4 4/8 4/12 7/22 8/7 8/21 20/21 21/6 21/20 21/24
**room [1]** 14/5
**rules [1]** 13/21
**ruling [6]** 10/3 10/5 10/10 10/12 10/19 11/6
**ruling's [1]** 10/21

**S**

**saw [1]** 10/14
**says [2]** 18/6 21/5
**school [1]** 5/5
**seated [3]** 2/15 12/9 12/22
**Second [2]** 13/18 18/16
**section [1]** 17/3
**see [7]** 2/11 2/17

Page 27 of 25 23/11 23/12
**seek [1]** 3/23
**select [2]** 12/10 12/22
**sentence [8]** 4/6 4/22 4/23 16/8 18/8 18/16 18/20 23/4
**sentencing [6]** 3/24 16/4 16/5 17/25 21/4 22/20
**serve [1]** 14/22
**set [7]** 2/3 2/4 2/7 10/8 17/19 22/20 23/10
**seven [1]** 4/21
**sign [1]** 19/7
**signature [2]** 15/15 15/16
**signatures [3]** 15/13 15/14 19/4
**signing [2]** 15/19 19/9
**silent [1]** 13/24
**similar [1]** 9/23
**similarly [1]** 7/11
**SINGHAL [2]** 1/2 1/13
**sir [25]**
**sit [2]** 13/18 14/22
**sorry [1]** 4/12
**sought [1]** 6/21
**SOUTHERN [1]** 1/1
**speak [3]** 10/14 13/20 20/2
**speaks [1]** 16/3
**special [1]** 17/24
**specifically [1]** 10/25
**spoke [1]** 17/23
**spoken [2]** 10/12 11/5
**stand [1]** 20/23
**start [2]** 7/7 10/23
**starts [1]** 4/22
**state [2]** 2/22 11/2
**STATES [14]** 1/1 1/4 1/18 2/6 2/10 4/5 4/8 4/20 15/3 15/6 21/7 21/21 21/25 22/3
**statutory [1]** 18/21
**stipulated [5]** 5/13 9/22 19/3 19/18 22/17
**Street [1]** 1/18
**subject [2]** 13/21 20/22
**submissions [1]** 9/17
**substantive [2]** 8/6 8/20
**sufficient [1]** 22/17
**supervised [4]** 4/7 4/10 4/16 4/23
**Supreme [2]** 10/15 11/7
**sure [6]** 3/5 4/3 10/9

**S**

sure... [3]  10/9 10/20 20/19
sworn [1]  3/14

**T**

take [10]  6/18 7/25 10/4 10/5 11/8 13/1 15/9 18/12 18/22 20/24
takes [2]  18/12 20/22
talk [4]  3/1 5/3 14/6 23/3
talked [2]  5/13 9/17
talks [1]  15/2
tell [6]  3/15 7/8 7/8 7/12 7/17 14/2
telling [3]  11/25 12/4 15/19
tells [1]  11/4
ten [1]  15/12
terms [4]  4/9 10/17 11/16 21/4
testify [3]  9/20 13/18 14/2
testimony [1]  13/5
thank [5]  9/4 10/19 21/15 23/7 23/10
Thanks [1]  23/11
thing [3]  7/18 16/4 20/17
things [6]  3/3 5/8 6/2 15/7 16/18 17/10
think [6]  2/19 3/8 4/10 10/14 10/20 21/16
third [3]  13/23 18/20 19/5
thought [1]  16/14
threatened [2]  8/1 8/11
threatening [1]  16/11
three [13]  4/6 4/11 4/15 4/16 4/25 9/6 15/13 18/22 19/4 19/4 19/10 21/19 22/7
three-page [1]  19/10
time [8]  2/18 2/20 2/22 3/24 10/19 17/25 19/24 20/2
Title [1]  21/7
today [10]  3/1 3/18 11/16 11/25 16/12 19/25 21/22 21/25 22/4 22/10
today's [4]  9/9 10/10 15/15 22/23
told [1]  3/21
top [1]  15/16
transcript [2]  1/12 23/19
treatment [2]  6/9 6/21

trial [10]  9/19 12/30 12/4 12/7 12/13 12/21 13/11 15/8 19/11 19/17
troubling [1]  9/14
trying [1]  12/24
two [1]  15/14
TYRELL [5]  1/7 2/6 15/16 19/6 22/9
Tyrone [1]  3/17

**U**

U.S [1]  1/14
understand [28]
understanding [3]  6/15 7/1 15/20
understandings [1]  15/24
Understood [1]  20/25
UNITED [14]  1/1 1/4 1/18 2/5 2/10 4/5 4/8 4/20 15/3 15/6 21/7 21/21 21/24 22/3
updated [1]  9/21
upward [2]  18/17 18/17
upwards [1]  18/21
US Supreme [1]  10/15
use [2]  6/8 6/8

**V**

variance [1]  18/17
versus [1]  2/6
victim [2]  8/2 8/12
victim's [1]  8/11
videos [1]  6/1
violence [7]  4/19 8/2 8/11 9/15 11/1 21/7 22/3
violent [4]  8/17 8/19 8/22 8/25
voluntarily [1]  22/15
vote [1]  14/22

**W**

wait [2]  10/6 10/10
waiver [4]  18/5 20/18 21/2 22/15
waiving [1]  21/9
want [11]  3/5 7/3 11/12 11/25 12/4 12/7 12/8 15/8 15/8 16/22 19/13
wanted [3]  10/10 12/6 13/12
way [6]  10/15 11/24 12/21 12/24 13/20 20/23
ways [2]  13/13 18/11
weapon [1]  14/19
week [1]  10/14
weekly [1]  6/19

well-[9]  2/7 2/24 5/7 11/21 14/6 20/12 20/14 22/11 22/12
well-known [1]  22/12
went [3]  9/17 9/21 10/15
whatsoever [1]  6/23
witness [2]  13/22 13/24
witnesses [6]  9/18 9/20 12/25 12/25 13/14 13/15
word [1]  16/23
words [1]  10/22
work [1]  12/21
world [2]  7/2 16/7
writing [1]  5/9
wrong [1]  11/9

**Y**

years [6]  4/6 4/10 4/15 4/21 4/24 11/19
years' [2]  4/7 4/16
yesterday [1]  9/20
yesterday's [2]  15/14 19/5
young [1]  11/19

**Z**

ZACCA [10]  1/17 2/9 7/18 9/4 13/2 13/16 19/16 19/20 20/7 23/6
zero [1]  17/20